## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **TERRY BLACK'S BARBECUE, LLC**<br>**and TERRY BLACK'S BARBECUE**<br>**DALLAS, LLC,**<br>         *Plaintiffs*, | |
| **v.** | **CIVIL ACTION NO. 1:20-cv-665** |
| **STATE AUTOMOBILE MUTUAL**<br>**INSURANCE COMPANY and**<br>**RUCKER-OHLENDORF INSURANCE,**<br>         *Defendants*. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), Defendant, State Automobile Mutual Insurance Company ("State Auto") hereby files this Notice of Removal of the action described below from the District Court for Travis County, Texas to this Court, and in support thereof, states as follows:

1.     On May 14, 2020, Plaintiffs, Terry Black's Barbecue, LLC and Terry Black's Barbecue Dallas, LLC (collectively, "Plaintiffs"), filed an action against State Auto and Rucker-Ohlendorf Insurance ("ROI") in the 250th Judicial District Court for Travis County, Texas.

2.     A copy of the Summons and Plaintiffs' Petition were received by CSC, State Auto's agent for service of process, on May 27, 2020. A copy of the Summons is attached to the Appendix as **Exhibit C** and a copy of Plaintiffs' Original Petition is attached to the Appendix as **Exhibit B**.

3.     Plaintiffs' Petition seeks declaratory relief and monetary damages against State Auto for breach of contract, breach of good faith and fair dealing, violation of the Texas Insurance Code and violation of the Texas Prompt Payment Act arising out of Plaintiffs' claim for insurance

coverage with respect to losses allegedly sustained by Plaintiffs as a result of COVID-19. *See* Appendix, **Exhibit B**.

4.      Plaintiffs also allege that, "[i]f Business Income loss coverage is found not to exist under the facts and circumstances of this Cause, Defendant ROI was negligent in failing to procure such coverage for Plaintiffs." *See* Appendix, **Exhibit B**, at ¶ 44. In other words, Plaintiffs argue *in the event that* the insurance coverage with State Auto is fully and completely litigated, *and in the event that* such litigation establishes no coverage for Plaintiffs, *and in the event that* the basis for no coverage is an issue upon which they believe they were misled by ROI, then Plaintiffs will seek monetary damages against ROI for failure to procure adequate insurance coverage. As set forth below, ROI's inclusion as a defendant in this matter constitutes fraudulent or improper joinder[1] because: (1) the claim against ROI can only even potentially exist upon the completion of the litigation against State Auto, and therefore there is no reasonable possibility of Plaintiffs prevailing against ROI in the current matter; and (2) Plaintiffs' claim against ROI is otherwise precluded under Texas law, which does not impose liability on an insurance agent or broker in the absence of an affirmative misrepresentation by the agent or broker. This Court should therefore disregard ROI's citizenship for purposes of the diversity analysis.

## BASIS FOR FEDERAL JURISDICTION

5.      This court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the validly joined parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See* 28 U.S.C. § 1441.

---

[1] "There is no substantive difference between the terms 'improper joinder' and 'fraudulent joinder,' but the use of the term 'improper joinder' is preferred by the Fifth Circuit." *Yeldell v. GeoVera Specialty Ins. Co.*, 2012 WL 5451822, at *1 n.1 (N.D. Tex. 2012)

6.     Removal to the United States District Court for the Western District of Texas, Austin Division is proper because it is the district and division embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN THE PROPERLY JOINED PARTIES

7.     Plaintiffs, Terry Black's Barbecue, LLC and Terry Black's Barbecue Dallas, LLC, are Texas limited liability companies. Appendix, **Exhibit B**, ¶¶ 1-2.  On information and belief, Plaintiffs' members are Terry W. Black, Christina L. Black, Michael W. Black, and Mark R. Black.

8.     On information and belief, Terry W. Black, Christina L. Black, Michael W. Black, and Mark R. Black are each citizens of Texas.

9.     Defendant, State Auto, is an Ohio corporation with its principal place of business in Ohio.

10.     Because ROI has been improperly joined, ROI's citizenship must be disregarded for the purposes of diversity analysis.  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

11.     Therefore, there is complete diversity of citizenship between Plaintiffs and State Auto, the only properly joined defendant.

## ROI HAS BEEN IMPROPERLY JOINED

12.     A resident defendant has been improperly joined if there is "no possibility" that the plaintiff will be able to establish a cause of action against the defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The Fifth Circuit has recognized that "the standard more accurately is described as requiring a showing that there is 'no reasonable basis' for predicting liability on the claims alleged." *See Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 & n.4 (5th Cir. 2000) (applying "arguably a reasonable basis" test); *Griggs*, 181 F.3d at 701 ("[W]e

3

have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist.").

### THERE IS NO REASONABLE POSSIBILITY THAT THE PLAINTIFFS CAN LITIGATE THEIR NEGLIGENCE CLAIM AGAINST ROI UNTIL THE PENDING SUIT AGAINST STATE AUTO IS COMPLETED

13.     Plaintiffs' claim against ROI is entirely derivative of their claims against State Auto, and will not come to fruition unless and until: (1) the insurance coverage with State Auto is fully and completely litigated; (2) such litigation establishes no coverage for Plaintiffs; and (3) the basis for no coverage is an issue upon which Plaintiffs believe they were misled by ROI.

14.     Courts routinely recognize that claims against insurance agents or brokers before coverage has been litigated and determined are unripe because such claims are "entirely based on contingent future events[.]"  *Monroe Guar. Ins. Co. v. Newtex Realty, LP*, Case No. 18-cv-00256, 2019 WL 1261138 at *2 (N.D. Tex. Mar. 4, 2019) (collecting cases from other jurisdictions that have reached similar conclusions: *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1294 (N.D. Ga. 2013) (holding that insured's third-party claim against insurance agent was not fit for review where insured's liability depended on an underlying declaratory judgment action's resolution), *order clarified by* 15 F. Supp. 3d 1329 (N.D. Ga. 2013), *and motion to certify appeal denied by* 15 F. Supp. 3d 1335 (N.D. Ga. 2013); *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 2011 WL 724737, at *4 (S.D.N.Y. Feb. 23, 2011) (holding that insured's third-party claims against insurance agent should be dismissed because they were contingent upon the result of the pending coverage dispute), *aff'd*, 483 F. App'x 599, 603-04 (2d Cir. 2012); *Mt. Hawley Ins. Co. v. Giant Oil, Inc.*, 2010 WL 1525518, at *1-2 (M.D. Fla. Apr. 15, 2010) (holding that insured's claims against agent should be dismissed as unripe because each claim is contingent "upon an outcome adverse to [the insured] in [the insurer's] pending declaratory judgment action")); *see*

4

*also JWC Hamptons, Inc. v. Empire Indem. Ins. Co.¸* No. 19-cv-62232, 2020 WL 37571 at \*2 (S.D. Fla. January 3, 2020) (holding that the insured's negligent procurement claim against its insurance broker prior to ruling on coverage was premature and, thus, the broker was fraudulent joined).

15.     In *Monroe Guar.*, the insurer filed a complaint for declaratory judgment against its insured seeking a declaration that the insurance policy issued to the insured did not afford coverage for alleged damage to the insured's property caused by a former tenant's theft and vandalism.  2019 WL 1261138 at \*1.  The insured filed a counterclaim against the insurer and a third party complaint against the insurance agency that placed the policy asserting that the agent was negligence in procuring the policy.  *Id.*  The court dismissed the third party complaint against the agent, holding that the insured's claim against the agent was not ripe for adjudication because the agent's "potential liability [was] based on a hypothetical factual scenario that [had] not occurred" and "may never occur."  *Id.* at \*2.

16.     Just as in *Monroe Guar.* and the numerous other cases cited above, Plaintiffs' negligence claim against ROI is entirely hypothetical and derivative of the claim against State Auto, as it cannot exist unless and until the litigation against State Auto is resolved.  Indeed, Plaintiffs' own Petition acknowledges that their claim against ROI is contingent on a finding that the State Auto policies afford no coverage.  *See* Appendix, **Exhibit B** at ¶ 44 ("*If Business Income loss coverage is found not to exist under the facts and circumstances of this Cause*, Defendant ROI was negligent in failing to procure such coverage for Plaintiffs.")(emphasis added).

17.     Accordingly, there is no reasonable possibility that Plaintiffs can prevail against ROI in the context of the current suit because their claim is unripe and premature unless and until the litigation against State Auto is completed.

**THERE IS ALSO NO REASONABLE POSSIBILITY THAT PLAINTIFFS CAN OTHERWISE PREVAIL ON THEIR NEGLIGENCE CLAIM AGAINST ROI, EVEN AFTER THE SUIT AGAINST STATE AUTO IS RESOLVED**

18.     Even if a court determines that the State Auto policies afford no coverage for Plaintiffs' claimed losses, there is no reasonable possibility that Plaintiffs will prevail on their claim that ROI was negligent in failing to procure adequate insurance coverage under Texas law because Texas law does not recognize a general duty of insurance agents like ROI to obtain coverage or ensure that such coverage is adequate.

19.     "It is well settled that the right to recover for injuries from negligence must be based on the breach of a duty and, in the absence of a duty, there can be no negligence." *Sledge v. Mullin*, 927 S.W.2d 89, 93 (Tex. App. – Fort Worth 1996). However, the Texas Supreme Court has held that that an insurance agent has no general duty to obtain coverage nor to make sure the coverage obtained for an insured is adequate, because if they did, "agents would be rendered 'blanket insurers.'" *May*¸ 844 S.W.2d at 669-72. Texas law recognizes that an insurance agent has a duty: "(1) to use reasonable diligence in attempting to place the requested insurance; and (2) to inform the client promptly if unable to do so." *Moore v. Whitney-Vaky Ins. Ag.*, 966 S.W.2d 690, 691 (Tex. App. – San Antonio 1998) (citing *May v. United Servers Ass'n of America*¸ 844 S.W.2d 666, 669 (Tex. 1992)).

20.     The factual allegations in the Petition do not provide a basis for recovery against ROI.  Plaintiffs allege that ROI generally understood their businesses and income streams and should have ensured they purchased coverage for COVID-19-related losses.  Appendix, **Exhibit B**, at ¶ 43. To the extent the State Auto policy provides no coverage for their losses, Plaintiffs allege ROI "was negligent in failing to procure such coverage for Plaintiffs." *Id.* at ¶ 44.  Plaintiffs also allege that ROI "negligently failed to evaluate the sufficiency of coverage limits it was

6

recommending and selling to Plaintiffs and it was negligent in failing to recommend and to procure for Plaintiffs, Business Income loss coverage with limits in greater amounts that would be sufficient to cover all or a significant portion of their predictable losses in the event of a covered business interruption event."  *Id.* at ¶ 45.

21.     Such general allegations are insufficient to state a claim for negligence under Texas law.  The Petition contains no allegations that ROI made a specific, affirmative misrepresentation regarding the scope of insurance coverage afforded by the State Auto policies, nor do Plaintiffs allege that they requested a specific policy coverage or a specific increased limit of liability that ROI failed to place.

22.     Texas courts have routinely held that general "failure to procure coverage" allegations are insufficient to state a claim for negligence against an insurance agent.  *See, e.g., May*¸ 844 S.W.2d at 669; *Moore*, 966 S.W.2d at 692-93 (holding that an insured did not state a negligence claim against its agent when the insured was never "led wrongly to believe that [his] policy provided protection against a particular risk that was in fact excluded from the policy's coverage"); *Sledge*, 927 S.W.2d at 93; *Choucroun v. Sol L. Wisenberg Ins. Agency – Life & Health Div. d/b/a Wisenberg Ins.*, 2004 WL 2823147, at *4-6 (Tex. App. – Houston [1st Dist.] 2004) (finding that insurance agent had no duty to inform the insured that damages to the contents of the insured's building caused by rain were not covered unless a covered loss led to the damage of the building).

23.     Given that Plaintiffs have not, and likely cannot, allege that ROI specifically and affirmatively misrepresented that the State Auto policies would afford coverage for Plaintiffs' alleged COVID-19-related losses, there is no "reasonable possibility" that Plaintiffs can prevail on their negligence claim against ROI.

## ROI IS ALSO NOT A NECESSARY PARTY TO PLAINTIFFS' CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

24.     Likely understanding that they cannot sustain a claim against ROI for negligence, Plaintiffs seek to avoid removal of this action by alleging that ROI is "joined as a necessary party pursuant to § 37.006(a), Tex. Civ. Prac. & Rem. Code[.]"  Appendix, **Exhibit B**, at ¶ 7.

25.     However, assuming that the negligence claim against ROI must fail and complete diversity otherwise exists, the joinder of parties here would be governed by Rule 19 of the Federal Rules of Civil Procedure.  Rule 19(a) "allows the joinder of necessary parties, *unless that joinder would defeat diversity jurisdiction*."  *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) (emphasis added).  If joinder would defeat diversity jurisdiction, then a court must determine "whether the potentially joined parties are indispensable, that is, [whether,] as a matter of equity and good conscience, the lawsuit cannot proceed without them."  *Id.*  Courts have held that an insurance agent and insurance broker are not necessary parties to an insurance coverage declaratory judgment action because an insured "can obtain complete relief on its claims against [an insurer] in the absence of the insurance agent and the insurance broker." *Tower Ins. Co. of New York v. Zing Lu, LLC*, 2009 WL 4730394, at *1 (S.D. Tex. 2009).

26.     Thus, under the applicable federal rules of procedure that apply in the instant action, ROI does not constitute a necessary party and cannot be joined as a defendant in this action under Rule 19.

27.     Based upon the foregoing, because Plaintiffs are citizens of Texas, and the only properly joined defendant, State Auto, is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

28.    The Petition alleges that, as a consequence of State Auto's actions, Plaintiffs have suffered damages, including loss of business income, and incurred extra expenses it claims are due under the State Auto policy, and is entitled to these actual damages, treble damages, attorney's fees and interest. Appendix, **Exhibit B**, at ¶¶ 20, 31-32, 40, 41.

29.    While the Petition does not plead a specific amount in controversy, the documentation and information provided to State Auto by or on behalf of Plaintiffs indicates that Plaintiffs seek in excess of $75,000.  In particular, Plaintiffs' insurance broker, ROI, stated in a May 13, 2020 e-mail to State Auto that "[d]ue to the current situation, sales are down $2 Mil [sic] the first 4 months of the year."  May 13, 2020 e-mail from ROI to State Auto, Appendix, **Exhibit I.**

30.    State Auto denies that it is liable for Plaintiffs' alleged loss of income and extra expenses. However, based on the foregoing, State Auto alleges that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL PROCEDURE

31.    This Notice of Removal is timely because it was filed within thirty days after receipt of Plaintiffs' initial pleading by CSC, in its capacity as State Auto's agent for service of process, on May 27, 2020. *See* 28 U.S.C. § 1446(b)(1).

32.    Co-defendant, Rucker-Ohlendorf, Inc. has indicated it assents to the instant removal.

33.    Promptly after filing this Notice of Removal State Auto will provide written notice of same to Plaintiffs and will file with the clerk of the District Court for Travis County, Texas a copy of this Notice of Removal. *See* 28 U.S.C. §1446(d).

WHEREFORE, Defendant, State Automobile Mutual Insurance Company, hereby requests that this action now pending against it in the District Court for Travis County, Texas be removed to this Court.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:     /s/ *Christopher W. Martin*
Christopher W. Martin
State Bar No. 13057620
Clinton J. Wolbert
State Bar No. 24103020
808 Travis, 11th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
Email: martin@mdjwlaw.com
Email: wolbert@mdjwlaw.com

and

Adam H. Fleischer*
Matthew P. Fortin*
Lindsey D. Dean*
**BatesCarey LLP**
191 North Wacker, Suite 2400
Chicago, IL 60606
Phone: 312.762.3100
Fax: 312.762.3200
Email: afleischer@batescarey.com
Email: mfortin@batescarey.com
Email: ldean@batescarey.com
*pro hac vice applications forthcoming*

**ATTORNEYS FOR DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served this 25th day of June, 2020 to the following counsel of record by *Electronic Filing*:

Kenneth B. Chaiken       **kchaiken@chaikenlaw.com**
Robert L. Chaiken       **rchaiken@chaikenlaw.com**
CHAIKEN & CHAIKEN, P.C.
5717 Legacy Drive, Ste. 250
Plano, Texas 75024
***Attorneys for Plaintiffs***

*/s/ Clinton J. Wolbert*
Clinton J. Wolbert