## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| TERRY BLACK'S BARBECUE, LLC § <br> AND TERRY BLACKS BARBECUE § <br> DALLAS, LLC, § <br>     *Plaintiffs* § <br> § <br> v. § <br> § <br> STATE AUTOMOBILE MUTUAL § <br> INSURANCE COMPANY AND § <br> RUCKER-OHLENDORF INSURANCE, § <br>     *Defendants* § | Case No. 1:20-CV-665-RP |

## INTERIM REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**  **THE HONORABLE ROBERT PITMAN**
      **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiffs' Motion to Remand with Memorandum Brief in Support, filed July 27, 2020 (Dkt. 12); State Automobile Mutual Insurance Co.'s Response in Opposition to Plaintiffs' Motion to Remand, filed August 3, 2020 (Dkt. 14); Defendant Rucker-Ohlendorf Insurance's Response in Opposition to Plaintiffs' Motion to Remand, filed August 3, 2020 (Dkt. 15); and Plaintiffs' Reply in Support of Motion for Remand (Dkt. 16), filed August 10, 2020. On September 25, 2020, the District Court referred the above motion and related filings[1] to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

---

[1] The District Court also referred to the undersigned State Auto's Rule 12(c) Motion for Judgment on the Pleadings (Dkt. 11). On July 29, 2020, the District Court entered a Text Order granting Plaintiffs' request for an extension of time to respond to State Auto's Rule 12(c) Motion until after the Court ruled on Plaintiffs' Motion to Remand. Specifically, the District Court stated: "If the Court denies Plaintiffs' motion to remand, Plaintiffs may respond to Defendant's motion for judgment on the pleadings within seven days of the Court's order." Accordingly, State Auto's Rule 12(c) Motion for Judgment on the Pleadings is not yet ripe for review.

## I. Background

Plaintiffs Terry Black's Barbecue, LLC and Terry Black's Barbecue Dallas, LLC ("Plaintiffs") are Texas limited liability companies that own and operate Terry Black's Barbecue dine-in restaurants in Austin and Dallas, Texas. Defendant State Automobile Mutual Insurance Company ("State Auto"), an Ohio corporation, issued Plaintiffs separate insurance policies ("Policies") covering their respective business locations. Defendant Rucker-Ohlendorf Insurance ("ROI") is a Texas insurance broker who sold Plaintiffs the Policies.

Plaintiffs allege that, because of "Civil Authority orders and mandates" issued during the COVID-19 global pandemic, they "have been forced to cease their full service operations because of physical injury to their properties," including physical curtailment of access to their properties by customers. Dkt. 1-1 at ¶ 8. Plaintiffs allege that they have suffered "business interruption and a loss of business income" as a result of the Civil Authority orders, and that such losses are covered under the terms of the Policies. *Id.* ¶ 16. In April 2020, State Auto denied Plaintiffs' claims, contending that Plaintiffs' losses were not covered under the terms of the Policies.

Plaintiffs filed this suit in state court against State Auto and ROI on May 14, 2020. Plaintiffs assert claims against State Auto for breach of contract and the common-law duty of good faith and fair dealing, as well as violations of the Texas Insurance Code and the Texas Prompt Payment Act. *See Terry Black's Barbecue v. State Auto. Mut. Ins. Co.,* D-1-GN-20-002659 (250th Dist. Ct., Travis County, Tex. May 14, 2020) (Dkt. 1-1 at 7). Plaintiffs allege that ROI was negligent in failing to "evaluate the sufficiency of the coverage limits it was recommending and selling to Plaintiffs." *Id.* ¶ 45.

On June 25, 2020, State Auto removed this case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1446. Although Defendant ROI shares the same citizenship as Plaintiffs, Defendants argue that ROI's citizenship should be disregarded for the purposes of

diversity jurisdiction because ROI has been improperly joined. In response, Plaintiffs argue that removal was procedurally defective and improper because there is not complete diversity of citizenship.

## II.     Legal Standards

A civil action may be removed from a state court to a federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a). To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites for diversity jurisdiction in 28 U.S.C. § 1332 are satisfied, including the requirement of complete diversity of citizenship. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. § 1332. The party seeking removal bears the burden of establishing federal jurisdiction. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Removal jurisdiction is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. As "removal raises significant federalism concerns," the court must strictly construe the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand." *Id.*

The improper joinder doctrine "constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). A non-diverse defendant will not destroy complete diversity when improperly joined to defeat diversity jurisdiction. *Smallwood*, 385 F.3d at 572. The removing party bears a "heavy burden" of proving that the joinder of the non-diverse defendant was improper. *Id.* at 576.

### III. Analysis

Plaintiffs argue that this case should be remanded to state court because (1) State Auto's removal was defective, and (2) ROI was not fraudulently joined. Therefore, Plaintiffs contend, complete diversity of citizenship is lacking.

### A. State Auto's Removal Was Not Defective

Plaintiffs first argue that State Auto's removal was defective because State Auto failed to demonstrate that its principal place of business is in Ohio. Because State Auto refers to Texas as its "Western Headquarters," Plaintiffs submit, there "is a question concerning where State Auto's actual principal place of business is located such that State Auto may be deemed a citizen of Texas for jurisdictional purposes." Dkt. 12 at 2.

A corporation may have only one principal place of business for diversity purposes. *J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 406 (5th Cir. 1987). In its Response, State Auto has provided uncontroverted evidence that it is an Ohio corporation with its principal place of business in Columbus, Ohio. *See* Dkt. 14-1 at 2. State Auto's statutory home office, main administrative office, mailing address, and the primary location of its books and records are in Columbus, Ohio. *Id.* Plaintiffs fail to dispute any of these facts. Accordingly, State Auto has met its burden to demonstrate that it is an Ohio corporation for the purposes of diversity jurisdiction.

Next, Plaintiffs argue that State Auto's removal was defective because removal requires the consent of all defendants, and "ROI has never actually consented to the removal." Dkt. 12 at 2. Plaintiffs argue that State Auto's statement in its removal that "Co-defendant, [ROI] has indicated it assents to the instant removal" is insufficient to show ROI consented to removal. Dkt. 1 ¶ 32.

To support their argument, Plaintiffs rely on *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). *Getty Oil*, however, states that 28 U.S.C. § 1446 "has been interpreted to require that all then-served properly joined defendants join in the removal petition." *Id.* at 1262.

4

In *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), the Fifth Circuit held that a removing party need not obtain the consent of a co-defendant the removing party contends is improperly joined. The *Jernigan* court explained that such a requirement would be "nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Id.*

Here, State Auto argues that ROI has been fraudulently joined. Accordingly, even if ROI had not consented to the removal, it did not render State Auto's removal invalid. *See Rico*, 481 F.3d at 239 (holding that removing party did not have to obtain consent of allegedly non-diverse co-defendants before removing case because removing party contended that co-defendants had been improperly joined to defeat diversity jurisdiction). Plaintiffs have failed to demonstrate that State Auto's removal was defective.

### B. Fraudulent Joinder

As noted, State Auto removed this case from state court based on diversity jurisdiction. Although ROI shares the same citizenship as Plaintiffs, Defendants argue that ROI was fraudulently joined to defeat diversity jurisdiction. Defendants bear "a heavy burden" of proving that ROI's joinder as a non-diverse defendant was improper. *Smallwood*, 385 F.3d at 574.

#### 1. Doctrine of Fraudulent Joinder

The fraudulent joinder doctrine provides that a district court must disregard, for diversity jurisdiction purposes, the citizenship of an improperly joined defendant. *Smallwood*, 385 F.3d at 572. A defendant may establish improper joinder (also referred to as fraudulent joinder) by showing either (1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573.

Here, Defendants argue that Plaintiffs have joined ROI fraudulently because Plaintiffs cannot establish a negligence cause of action against ROI. To prevail on this argument, Defendants must demonstrate "that there is no possibility of recovery" by Plaintiffs against ROI on their negligence

5

claim. *Id.* This inquiry typically involves a Rule 12(b)(6)-type analysis to determine whether a claim is stated under state law against the non-diverse defendant. *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

In undertaking the improper joinder analysis, federal courts apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). A determination of improper joinder must be based on an analysis of the causes of action alleged in the live complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Accordingly, the Court examines whether Plaintiffs' Original Petition asserts sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Plaintiffs' Negligence Claim

To prevail on a negligence cause of action under Texas law, a plaintiff "must establish the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017). Plaintiffs allege in their Original Petition that ROI, their insurance broker, advised them to procure the Policies negligently. Dkt. 1-1 ¶ 4. Specifically, Plaintiffs allege that they retained ROI to provide professional insurance consulting services, "which included evaluating their specific insurance needs, recommending suitable coverages protections required of their business needs and their specific business operations in the event of an insurable loss event, and procuring such coverages from reputable insurers." *Id.* ¶ 42. Plaintiffs allege that: "If Business Income loss coverage is found not to exist under the facts and circumstances of this Cause, Defendant ROI was negligent in failing to procure such coverage for Plaintiffs." *Id.* ¶ 44. Plaintiffs contend that "ROI could have and should have ensured that Plaintiffs purchased insurance coverage that indeed covered them for the circumstances and losses that have

occurred, as described in this Petition, in an amount of coverage that was commensurate with Plaintiffs' predictable business income losses." *Id.* ¶ 43. Plaintiffs further contend that ROI

> negligently failed to evaluate the sufficiency of the coverage limits it was recommending and selling to Plaintiffs and it was negligent in failing to recommend, and to procure for Plaintiffs, Business Income loss coverage with limits in greater amounts that would be sufficient to cover all or a significant portion of their predictable losses in the event of a covered business interruption event.

*Id.* ¶ 45.

Defendants argue that Plaintiffs' allegations are "insufficient to establish any reasonable possibility that ROI would be liable for negligence" because (1) Plaintiffs' negligence claim is not ripe, and (2) "Texas law does not recognize a general duty of insurance agents like ROI to obtain coverage or ensure that such coverage is adequate." Dkt. 14 at 5.

The ripeness requirement originates from Article III of the United States Constitution, which provides that federal courts have jurisdiction over "cases" or "controversies." U.S. CONST. art. III, § 2. "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003). "A claim is not ripe for review if 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). The inquiry "focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016).

> A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical. The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required. However, even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness.

*Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (footnotes and internal quotation marks omitted).

Here, the viability of Plaintiffs' negligence claim against ROI is entirely contingent on the resolution of Plaintiffs' claims against State Auto. Plaintiffs' Original Petition alleges that ROI "was negligent" in this case "[*i*]*f* Business Income loss coverage is found not to exist under the facts and circumstances of this Cause." *Id.* ¶ 44 (emphasis added). As pleaded, ROI's potential liability is based on a hypothetical factual scenario that has not occurred. ROI can be liable for negligence in this case only if a court finds that Plaintiffs are entitled to coverage under the policies at issue. Accordingly, Plaintiffs' negligence claim is unripe. *See Monroe Guar. Ins. Co. v. Newtex Realty, LP*, No. 3:18-CV-00256-L (BT), 2019 WL 1261138, at *2 (N.D. Tex. Mar. 4, 2019) (holding that insured's negligence claim against his insurance agency was not ripe for adjudication because it was contingent on unresolved question whether insured was entitled to coverage under policy), *report and recommendation adopted*, 2019 WL 1255045 (N.D. Tex. Mar. 19, 2019); *see also JWC Hamptons, Inc. v. Empire Indem. Ins. Co.*, No. 0:19-CV-62232, 2020 WL 37571, at *3 (S.D. Fla. Jan. 3, 2020) (holding that negligent procurement claim against insurance broker was not ripe where coverage issues remained to be determined), *report and recommendation adopted*, 2020 WL 2850586 (S.D. Fla. Jan. 24, 2020); *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 2011 WL 724737, at *4 (S.D.N.Y. Feb. 23, 2011) (holding that insured's third-party claims against insurance agent should be dismissed because they were contingent on result of pending coverage dispute), *aff'd*, 483 F. App'x 599, 603-04 (2d Cir. 2012); *Wausau Underwriters Ins. Co. v. Cont'l Cas. Co.*, 2008 WL 793618, at *3 (E.D. Wash. Mar. 24, 2008) (same).

Because Plaintiffs' negligence claim is not ripe, Plaintiffs have failed to allege a plausible claim against ROI. Therefore, ROI has been improperly joined to defeat diversity jurisdiction. *See*

*JWC Hamptons*, 2020 WL 37571, at *3 (finding fraudulent joinder where negligence claim against insurance broker was not ripe).[2] The Court also finds that Plaintiffs have failed to demonstrate that dismissing ROI from the case would result in any hardship. *See Choice Inc.*, 691 F.3d at 715.

Accordingly, the Court finds that ROI should be dismissed from this case, Plaintiffs' Motion to Remand should be denied because diversity jurisdiction exists, and the Court should exercise subject matter jurisdiction. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (noting that "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant").

## IV.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Remand (Dkt. 12) and **DISMISS** Defendant Rucker-Ohlendorf Insurance based on fraudulent joinder.[3]

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

---

[2] Having concluded that Plaintiffs' claim against ROI is not ripe, the Court need not reach Defendants' arguments that Defendants cannot possibly recover on the claim.

[3] As ordered by the District Court, Plaintiffs have **seven days** from the date of this Report and Recommendation to file a response to State Auto's Motion for Judgment on the Pleadings.

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **SIGNED** on November 5, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE